BANKE, J.,
Concurring.- — -I concur in the judgment. I agree the United States Supreme Court in Descamps v. United States (2013) 570 U.S. _ [186 L.Ed.2d 438, 133 S.Ct. 2276] (Descamps) enunciated Sixth Amendment principles compelling the conclusion California’s approach to determining whether a prior conviction constitutes a “strike,” as reviewed and upheld in People v. McGee (2006) 38 Cal.4th 682 [42 Cal.Rptr.3d 899, 133 P.3d 1054] *1210 (McGee), does not survive federal constitutional scrutiny.[1] I doubt, however, the record of conviction in connection with defendant’s plea to false imprisonment while armed is sufficient even under McGee and therefore conclude the reversal of the strike determination as to that conviction can be grounded on state law grounds, as well.
In People v. Guerrero (1988) 44 Cal.3d 343 [243 Cal.Rptr. 688, 748 P.2d 1150],[2] our Supreme Court held a sentencing court can look at the entire record of conviction to determine whether a prior conviction can be used for enhancement purposes. The court declined, however, “to resolve such questions as what items in the record of conviction are admissible and for what purpose.” (People v. Guerrero, at p. 356, fn. 1.)
The high court took up this task in People v. Reed (1996) 13 Cal.4th 217 [52 Cal.Rptr.2d 106, 914 P.2d 184] (Reed), considering whether preliminary hearing transcripts and a probation report excerpt were part of the record of the prior conviction. It held the preliminary hearing transcripts were part of the record, but the testimony was subject to objection on hearsay grounds unless sufficient exceptions applied. The court concluded they did. (Id. at pp. 223-230.) The court did not decide whether the probation report excerpts were part of the record, because even if they were, the statements in question were double hearsay as to which insufficient exceptions applied. (Id. at p. 230; see People v. Thoma (2007) 150 Cal.App.4th 1096, 1103 [58 Cal.Rptr.3d 855] (Thoma) [police officer’s preliminary hearing testimony as to nurse’s description of victim’s injuries inadmissible hearsay].)
Our Supreme Court next addressed the scope of the record of conviction in People v. Woodell (1998) 17 Cal.4th 448 [71 Cal.Rptr.2d 241, 950 P.2d 85] (Woodell), considering whether an appellate opinion was part of the record. Among other issues, the court was required to address Reed’s conclusion that absent an exception, a sentencing court may not consider hearsay in the record. (Woodell, at pp. 457-461.)
The court began by reaffirming “[t]he normal rules of hearsay generally apply to evidence admitted as part of the record of conviction to show the conduct underlying the conviction,” citing Reed. (Woodell, supra, 17 Cal.4th at p. 458.) However, judicial pronouncements, said the court, may be considered for a limited nonhearsay purpose. “[Bjecause the ultimate question is, of what crime was the defendant convicted, another way to decide this *1211 question is to look to a court ruling, including an appellate opinion, for the nonhearsay purpose of determining the basis of the conviction.” (Id. at p. 459.) Reed was different, explained the court, because “the probation officer’s report did not necessarily speak for the court, so hearsay statements within that report had to meet an exception to the hearsay rule to be admissible. By contrast, an appellate opinion is a judicial statement and can help determine the nature of the crime of which the defendant had been convicted.” (Ibid.)
The court cautioned, however, that the hearsay rule may apply even to an appellate opinion, and the trial court must “carefully consider whether the opinion as a whole, including any factual statements, is probative on whether the conviction was based on a qualifying theory.” (Woodell, supra, 17 Cal.4th at p. 460.) “For example, if the opinion refers to facts in a fashion indicating the evidence was disputed and the factual issue unresolved, that reference would have little, if any, tendency to show the basis of the conviction . . . .” (Ibid.) If, however, the opinion refers to “facts as established” or to specific findings by the trier of fact, these statements “would be highly probative on the nature of the conviction.” (Ibid.) In short, even an appellate opinion cannot be admitted “to show exactly what the defendant did while committing the previous crime” without violating the hearsay rule, and is admissible only for the limited purpose of determining “whether the defendant was convicted” of a qualifying crime. (Ibid., italics added.)
In People v. Trujillo (2006) 40 Cal.4th 165 [51 Cal.Rptr.3d 718, 146 P.3d 1259] (Trujillo), the court directly addressed the issue it had deferred in Reed, whether an excerpt from a probation officer’s report was part of the record of conviction. The court concluded the postconviction report, which included admissions by the defendant that he had stabbed the victim, was not part of the record. “A statement by the defendant recounted in a postconviction probation officer’s report does not necessarily reflect the nature of the crime of which the defendant was convicted. . . . Once the court accepted his plea, defendant could admit to the probation officer having stabbed the victim without fear of prosecution, because he was clothed with the protection of the double jeopardy clause from successive prosecution for the same offense. [Citation.] Defendant’s admission recounted in the probation officer’s report, therefore, does not describe the nature of the crime of which he was convicted and cannot be used to prove that the prior conviction was for a serious felony.” (Trujillo, at p. 179.) The court distinguished such reports from preliminary hearing transcripts (Reed) and appellate court opinions (Woodell), which may be considered, although the court once again warned appellate opinions may not be probative and must be examined on a *1212 case-by-case basis. (Trujillo, at pp. 180-181; see People v. Roberts (2011) 195 Cal.App.4th 1106, 1124-1127 [125 Cal.Rptr.3d 810] (Roberts) [the defendant’s statements during sentencing which immediately followed plea, not part of record of conviction]; Thoma, supra, 150 Cal.App.4th at p. 1101 [where the defendant was not asked during plea to admit victim’s injuries, defense counsel’s mere acknowledgment of receipt of presentencing probation report recounting victim’s statement did not constitute adoptive admission by the defendant so as to avoid hearsay rule].)
The majority opinion concludes Woodell renders the police officer’s probable cause statement imbedded in the Wisconsin criminal complaint admissible for the nonhearsay purpose of determining the basis of defendant’s false imprisonment while armed conviction. In my view, however, the record provided for this 1983 conviction by plea is insufficient under Reed and Trujillo.
As the majority recounts, the record provided for this conviction consists solely of a criminal pleading designated a “complaint” and the clerk’s minutes of the hearings in the case.
The clerk’s minutes, alone, raise serious concerns about this record. The minutes of the hearing at which defendant pleaded guilty say nothing about the basis for the plea. Rather, the minutes up to and including the day he entered a guilty plea reflect that two months after defendant was bound over for trial following a preliminary hearing, and on what appears to be the continued date for trial, defendant announced he wished to enter a guilty plea over the objection of counsel. Defendant was then “sworn and examined as to his plea, advised of his constitutional rights and of the maximum penalty.” He thereafter waived all his rights and pleaded guilty, and was thereupon found guilty by the court “as charged in the Information as to each count.”
It is only the minutes of the next hearing, when the case was called for sentencing, that there is any reference at all to a factual basis for “the plea.” In this regard, the clerk’s minutes of the sentencing hearing state in pertinent part: “Assistant District Attorney William Molitor present in Court for the State. [A]nd advised Court he is filing with the Court Certified copies with reference to the Habitual Criminality charge. Court accepts certified record, made part of the record, and orders the Habitual Criminality charge incorporated with all other charges. All parties stipulate to the facts in the criminal complaint for basis of the plea. Statement by Assistant District Attorney Wm. Molitor as to sentencing.”
While it is likely the stipulation recited in the minutes of the sentencing hearing pertained to the guilty plea taken at the prior hearing, it is not entirely *1213 clear. Possibly, it pertained to a plea reflected in the certified record proffered for sentencing purposes. (See Descamps, supra, 570 U.S. at p. _ [133 S.Ct. at p. 2289] [the meaning of “often aged” documents submitted to show nature of prior conviction will “often be uncertain”].)
Further, the clerk’s minutes of the prior hearing, when defendant was convicted, reflect he pleaded and was found “guilty as charged in the Information” (italics added). Yet, the minutes of the subsequent sentencing hearing state the parties stipulated to the “facts in the criminal complaint for basis of the plea” (italics added).
Under Wisconsin law, “[t]he criminal complaint is statutorily defined as a ‘written statement of the essential facts constituting the offense charged.’ It functions as a pleading, which acts to confer both subject matter and personal jurisdiction upon the court.” (9 Wiseman & Tobin, Wis. Practice Series: Criminal Practice & Procedure (2d ed. 2015) § 1:11, fn. omitted.) As in California, “[t]he complaint is the initial charging document in a felony case and precedes the information.” (Id., § 13:2, fn. 1.) “The information is the final charging document of a felony proceeding. It is drafted by the district attorney after the preliminary examination or after the defendant’s waiver of the preliminary examination.” (Id., § 13:2; see Wis. Stat. Ann. § 971.01(1).) Thus, filing an information is an important, separate, statutorily-required step in the Wisconsin criminal process. (State v. Woehrer (1978) 83 Wis. 2d 696, 699 [266 N.W.2d 366]; State v. May (1980) 100 Wis. 2d 9, 11 [301 N.W.2d 458].) The information need only contain a basic recitation of the statutes violated; it need not contain or repeat the factual specificity of the complaint. (9 Wiseman & Tobin, Wis. Practice Series: Criminal Practice & Procedure, supra, § 13:3.) Wisconsin courts also recognize that a later-filed information supersedes previous complaints or informations in terms of setting the scope of a criminal prosecution. (See State v. Badzinski (2014) 352 Wis. 2d 329, 334 [843 N.W.2d 29].)
Here, the clerk’s minutes show defendant was initially arraigned on the “complaint” and the court found, at that time, “probable cause to hold defendant for further proceedings.” A preliminary hearing was held a week later, following which the court found probable cause to continue holding defendant and bind him over for trial. Defendant was also, at this time, arraigned on the “Information” and entered a not guilty plea. Thus, it appears defendant, indeed, pleaded guilty “as charged” in the Information, which, under Wisconsin law, superseded the complaint.
It therefore appears the United States Supreme Court’s statement in Descamps is apt — that “when a defendant pleads guilty to a crime, he waives *1214 his right to a jury determination of only that offense’s elements; whatever he says, or fails to say, about superfluous facts [(i.e., facts alleged in the superseded Wisconsin complaint but likely not repeated in the information)] cannot license a later sentencing court to impose extra punishment.” (Descamps, supra, 570 U.S. at p. _ [133 S.Ct. at p. 2288].) The federal circuit courts, in turn, have uniformly concluded underlying criminal pleadings that have been superseded or amended cannot be used to determine the character of the charge to which the defendant actually pleaded. (U.S. v. Martinez (8th Cir. 2014) 756 F.3d 1092, 1096-1098 [discussing circuit court cases and holding sentencing court erred in considering allegations in superseded indictment to which the defendant did not plead guilty]; see United States v. Castleman (2014) 572 U.S. _ [188 L.Ed.2d 426, 134 S.Ct. 1405, 1414] [when modified categorical approach is permissible, sentencing court may “consult[] the indictment to which [the defendant] pleaded guilty in order to determine whether his conviction did entail the elements necessary” to qualify as an enhancing prior].) Thus, one could fairly conclude the initial complaint is not properly part of the record of the prior Wisconsin conviction at all. (Cf. McGee, supra, 38 Cal.4th at p. 687 [characterizing amended Nevada information as “[t]he relevant charging document].)
In any case, the supposedly pivotal stipulation to the facts in the criminal complaint was a /ms’/conviction statement by defense counsel. As such, it appears highly problematic under Trujillo. (See Roberts, supra, 195 Cal.App.4th at pp. 1124-1127 [the defendant’s statements during sentencing which immediately followed plea, not part of record of conviction].) By the time counsel made this stipulation, defendant “was clothed with the protection of the double jeopardy clause from successive prosecution for the same offense” and could stipulate to anything without compunction. (Trujillo, supra, 40 Cal.4th at p. 179.)
The record of conviction further suffers from the fact the officer’s probable cause statement embedded in the complaint — supplying the alleged factual basis of the plea — is hearsay. I do not agree the holding of Woodell applies to allow resort to this statement for the limited nonhearsay purpose of determining the basis of the conviction. Rather, I think this case is governed by Reed.
In my view, untested allegations of a probable cause statement imbedded in an initial criminal complaint are much more like preliminary hearing testimony (discussed in Reed) than a court ruling or appellate opinion setting forth established facts or undisputed factual findings (discussed in Woodell). Indeed, I do not see how the Supreme Court’s discussion in Woodell, explaining and justifying the limited nonhearsay purpose for which a court ruling or appellate opinion can be admitted, pertains to an officer’s probable cause statement in an initial charging document. Moreover, I see little *1215 distinction between an officer’s stand alone probable cause statement submitted to a prosecutor — which appears not to be part of the record of conviction under California law (see McGee, supra, 38 Cal.4th at pp. 694 [inquiry as to basis of prior conviction is “ ‘limited to examining court documents’ ”], 707-708 & fn. 10 [distinguishing Shepard v. United States (2005) 544 U.S. 13 [161 L.Ed.2d 205, 125 S.Ct. 1254] and noting it involved police reports and complaint applications, documents “arguably distinguishable” from sworn preliminary hearing testimony and plea colloquies]) — and a probable cause statement imbedded in an initial charging document that is superseded by an information filed after a preliminary hearing. Given the indication that our high court does not view probable cause statements as commensurate even with preliminary hearing testimony governed by Reed, it seems highly unlikely the court would find such unsworn statements as being in the same universe as court rulings and appellate opinions governed by Woodell.
While the majority imply Woodell can be broadly applied to any item in a record of conviction, I do not think that is the case. The court expressly approved Reed’s hearsay analysis; indeed, it said “[t]he normal rules of hearsay generally apply to evidence admitted as part of the record of conviction . . . .” (Woodell, supra, 17 Cal.4th at p. 458.) Further, the court’s explanation and justification for the limited nonhearsay purpose it endorsed focused on the special character of judicial rulings and the confidence that can be reposed in them to accurately recite “established” or “[un] disputed” facts. (Id. at pp. 459-460.) The same cannot be said of an officer’s summary probable cause statement, just as it cannot be said of an officer’s, or any other witness’s, testimony at a preliminary hearing. (See Reed, supra, 13 Cal.4th at p. 224 [rejecting argument preliminary hearing testimony could be considered for nonhearsay purpose of showing basis of conviction].)
To the extent the probable cause statement in the complaint recounted the police officer’s own observations, the hearsay problems might be resolved by the official record exception. However, the prosecution made no showing in that regard. (See Woodell, supra, 17 Cal.4th at p. 464 [proponent of hearsay evidence related to a prior conviction “bears the burden of showing the applicability of at least one” exception to hearsay rule].)
Thus, in my view, the record of conviction proffered in connection with defendant’s conviction for false imprisonment while armed is insufficient even under California law. First, the pivotal stipulation that the facts alleged in the complaint formed the basis for the plea — even assuming it pertained to the guilty plea in question and assuming the superseded complaint was part of the record of conviction — occurred after defendant was convicted and therefore is not part of the record under Trujillo. Second, the probable cause *1216 statement embedded in the Wisconsin complaint — providing the facts referenced in the stipulation- — -is, under Reed, inadmissible hearsay for which an exception was not established.
A petition for a rehearing was denied July 14, 2015.

 Indeed, in Descamps the Supreme Court rejected, in part on Sixth Amendment grounds, an approach to analyzing prior convictions strikingly similar to the approach reaffirmed in McGee. (Compare Descamps, supra, 570 U.S. at p. _ [133 S.Ct. at pp. 2282-2283] with McGee, supra, 38 Cal.4th at pp. 706-707.)

 Disapproved on another ground in People v. Miles (2008) 43 Cal.4th 1074, 1094, footnote 14 [77 Cal.Rptr.3d 270, 183 P.3d 1236],