# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-2428

_____

Jose Socorro Ortiz

*Petitioner*

v.

Loretta E. Lynch, United States Attorney General

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: May 14, 2015
Filed: August 6, 2015

_____

Before RILEY, Chief Judge, BRIGHT and MURPHY, Circuit Judges.

_____

BRIGHT, Circuit Judge.

Petitioner José Socorro Ortiz (Ortiz) seeks review of a decision of the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ) finding that Ortiz was removable and ordering Ortiz's removal from the United States. The IJ concluded Ortiz was removable under 8 U.S.C. § 1227(a)(2)(A)(iii) because Ortiz's prior conviction for Obstructing Legal Process, Arrest, or Firefighting, Minn. Stat. § 609.50, subd. 2(2) (hereinafter, "obstruction of legal process") was an "aggravated

felony." Ortiz challenges the IJ's findings, arguing a conviction for obstruction of legal process is not an "aggravated felony." For the reasons set forth below, we grant the petition for review, vacate the order for removal, and remand to the BIA for proceedings consistent with this opinion.

## I.

Ortiz, a native of Mexico, became a lawfully-admitted permanent resident of the United States in 2002. In 2006, Ortiz pled guilty to obstruction of legal process—a crime committed when he was eighteen years old. Ortiz was sentenced to 1 year in a workhouse—with a 2-year stay on 320 days of the sentence—and a $50.00 fine.

More than seven years later, the Department of Homeland Security issued a Notice to Appear, charging Ortiz as removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for committing an "aggravated felony." Later, the Department of Justice filed an additional charge alleging Ortiz's conviction for obstruction of legal process also subjected him to removal under 8 U.S.C. § 1227(a)(2)(A)(i) for committing a crime involving "moral turpitude."

Ortiz moved to terminate the removal proceedings arguing, as relevant here, that a conviction for obstruction of legal process is not an "aggravated felony." The IJ found Ortiz's conviction was an "aggravated felony" under section 1227(a)(2)(A)(iii) because it was a "crime of violence."

Ortiz timely appealed the IJ's decision to the BIA. The BIA upheld the IJ's determination that Ortiz's conviction for obstruction of legal process was

categorically a "crime of violence" and, thus, an "aggravated felony" subjecting him to removal under section 1227(a)(2)(A)(iii).[1]

Ortiz filed a timely petition for review.

## II.

"We lack jurisdiction to review any final order of removability against an alien convicted of . . . an aggravated felony." Roberts v. Holder, 745 F.3d 928, 930 (8th Cir. 2014) (per curiam). But "[w]e retain jurisdiction . . . to review constitutional claims or questions of law, such as whether a crime is an aggravated felony." Id. (quoting Olmsted v. Holder, 588 F.3d 556, 558 (8th Cir. 2009)) (internal quotation marks omitted). "We review questions of law de novo[,] but accord substantial deference to the BIA's interpretation of immigration statutes and regulations." Puc-Ruiz v. Holder, 629 F.3d 771, 777 (8th Cir. 2010).

## III.

Ortiz is removable if his obstruction of legal process conviction is an "aggravated felony"—specifically a "crime of violence" for which the term of imprisonment was at least one year. See Roberts, 745 F.3d at 930 (quoting 8 U.S.C. § 1101(a)(43)(F)). To determine whether Ortiz's obstruction of legal process conviction is a "crime of violence," we begin by applying the categorical approach.

---

[1]Because the BIA affirmed the IJ on the grounds that Ortiz's obstruction of legal process conviction was an "aggravated felony" under 8 U.S.C. § 1227(a)(2)(A)(iii), the BIA did not analyze whether Ortiz's conviction constitutes a crime of "moral turpitude" under 8 U.S.C. § 1227(a)(2)(A)(i). Remand on the "moral turpitude" charge is, therefore, necessary. I.N.S. v. Orlando Ventura, 537 U.S. 12, 16, 123 S. Ct. 353, 154, L. Ed. 2d 272 (2002) (noting that generally "the proper course . . . is to remand to the agency for additional investigation or explanation").

See, e.g., Moncrieffe v. Holder, -- U.S. --, --, 133 S. Ct. 1678, 1684, 185 L. Ed. 2d 727 (2013). Under the categorical approach, "we look not to the facts of the particular prior case," but instead to whether the obstruction of legal process statute "categorically fits within the 'generic' federal definition of" a "crime of violence." Id. (citation omitted) (internal quotation marks omitted). "[W]e must presume [Ortiz's] conviction rested upon [nothing] more than the least of th[e] acts criminalized" by the obstruction of legal process statute. Id. (citation omitted) (internal quotation marks omitted).

The generic federal definition of "crime of violence" is:

(a)　　an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b)　　any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16 (emphasis added).

We have held the definition of "crime of violence" in section 16 is "virtually identical" to the definition of a "crime of violence" in U.S. Sentencing Guidelines Manual § 4B1.2(a) and "violent felony" in the Armed Career Criminals Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(i).[2] Roberts, 745 F.3d at 930. In Johnson v. United States,

---

[2]The United States Supreme Court recently held imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii) violates the Constitution's guarantee of due process under the Fifth Amendment. Johnson v. United States, -- U.S. --, --, 135 S. Ct. 2551, 2563 (2015). But the Supreme Court's decision does not implicate the analysis in this case where the analogous language comes not from the residual clause, but the first definition of "violent felony" in ACCA, 18 U.S.C. § 924(e)(2)(B)(i). See id.

the Supreme Court interpreted the phrase "physical force" under the ACCA, determining the phrase is synonymous with "violent force—that is, force capable of causing physical pain or injury to another person." 559 U.S. 133, 140, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010); see also United States v. Williams, 690 F.3d 1056, 1067-68 (8th Cir. 2012) (applying the Johnson definition to the phrase "physical force" in the definition of "crime of violence" under U.S. Sentencing Guidelines Manual § 4B1.2(a)).

Ortiz argues his conviction is not a "crime of violence" because the minimum amount of force required to sustain a conviction under the obstruction of legal process statute is less than the "force capable of causing physical pain or injury to another person" as required to be a "crime of violence" under Johnson. We agree.

Ortiz stands convicted of obstruction of legal process under Minn. Stat. § 609.50. The statute reads, in relevant part:

> Subdivision 1. Crime. Whoever intentionally does any of the following may be sentenced as provided in subdivision 2 . . . obstructs, resists, or interferes with a peace officer while the officer is engaged in the performance of official duties;
>
> Subdivision 2. Penalty. A person convicted of violating subdivision 1 . . . if the act was accompanied by force or violence or the threat thereof . . . [may be sentenced] to imprisonment for not more than one year or to payment of a fine of not more than $3,000, or both.

---

("Today's decision does not call into question . . . the remainder of the Act's definition of a violent felony."); United States v. Scudder, 648 F.3d 630, 633 n.3 (8th Cir. 2011) (noting the distinction between sections 924(e)(2)(B)(i) and 924(e)(2)(B)(ii)).

Minn. Stat. § 609.50 (emphasis added). Ortiz was sentenced under subdivision 2(2) for obstructing the legal process "by force or violence or the threat thereof." To determine whether the words "force or violence" encompass only the "force capable of causing physical pain or injury to another person" as required to be a "crime of violence" under Johnson, we look to both the statutory language and how the statute is applied in judicial opinions. See Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193, 127 S. Ct. 815, 166 L. Ed. 2d 683 (2007).

Here, caselaw from the Minnesota Court of Appeals plainly shows the words "force or violence" encompass a broader scope of conduct than the "physical force" required to be a categorical "crime of violence" under section 16. In State v. Conlin, a defendant was convicted of using "force or violence" while obstructing the legal process under the following facts:

> The jury heard a peace officer testify that appellant's resistance in assuming a fetal position with his arms under him was "offensive resistance" . . . . From another officer, the jury heard that appellant required that officer to use "a lot of force" to get appellant's arms out from under his body to handcuff him . . . . A third officer testified that several officers assisted . . . to get appellant's arms out and handcuff him.

No. A14-0069, 2014 WL 7011171, at *4 (Minn. Ct. App. Dec. 15, 2014), rev. denied (Minn. Feb. 25, 2015). From these facts, the Minnesota Court of Appeals concluded "the jury could have inferred that appellant was exerting force to obstruct [the officers] in the performance of their duty to handcuff him" by forcibly curling in the fetal position and placing his hands under his body. Id. Under Conlin, the minimum degree of force necessary to sustain a conviction under the obstruction of legal

process statute by "force or violence" does not necessarily involve force capable of inflicting pain or causing injury to another.[3]

Because Minnesota's interpretation of the phrase "force or violence" in its obstruction of legal process statute is broader than the definition of "physical force" in section 16, a conviction under Minn. Stat. § 609.50, subd. 2(2) is not categorically a "crime of violence." Accordingly, the BIA erred in upholding the IJ's decision that Minn. Stat. § 609.50, subd. 2(2) is categorically a "crime of violence," and, therefore, an "aggravated felony" requiring removal under 8 U.S.C. § 1227(a)(2)(A)(iii).

## IV.

Holding a conviction under the obstruction of legal process statute is not categorically an "aggravated felony" requiring removal does not end the analysis. Under the modified-categorical approach, if a statute is "divisible," a court may "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative element" of the statute "formed the basis of [a] defendant's prior conviction." United States v. Martinez, 756 F.3d 1092, 1094 (8th Cir. 2014) (quoting Descamps v. United States, 570 U.S. --, --, 133 S. Ct. 2276, 2281, 186 L. Ed. 2d 438 (2013)) (internal quotation marks omitted).

---

[3]Our holding is consistent with other cases where *de minimus* physical contact with another is not a "crime of violence." See, e.g., United States v. Aparicio-Soria, 740 F.3d 152, 155, 157-58 (4th Cir. 2014) (holding a state statute for "resisting arrest" was not a "crime of violence" because conduct constituting a crime included non-violent offensive physical contact); United States v. Flores-Cordero, 723 F.3d 1085, 1088 (9th Cir. 2013) (holding a state statute of "resisting arrest" was not categorically a "crime of violence" because conduct constituting a crime included a "minor scuffle"); Flores-Lopez v. Holder, 685 F.3d 857, 862-63 (9th Cir. 2012) (holding a state statute for "resisting an executive officer" was not a "crime of violence" because the terms "force" and "violence" encompassed the application of force that could not cause physical injury).

The government argues we should remand the case to the BIA to apply the modified-categorical approach in the first instance.[4] We conclude remand on this issue is unnecessary. See Castillo v. Holder, 776 F.3d 262, 270 n.7 (4th Cir. 2015) (holding remand is unnecessary when the record plainly shows the modified-categorical approach is inapplicable); Fregozo v. Holder, 576 F.3d 1030, 1039 (9th Cir. 2009) (citing Latu v. Mukasey, 547 F.3d 1070, 1076 (9th Cir. 2008)) ("[W]here only legal questions remain and the[] questions do not invoke the [BIA's] expertise; all relevant evidence regarding the conviction [has] been presented to the BIA in earlier proceedings; and the BIA [has] already once determined that the offense fell within the generic definition of the crime, even if only at the categorical stage" than remand is unnecessary).

Assuming without deciding that section 609.50, subdivision 2(2) is divisible because of the disjunctive "or" between "force or violence," in applying the modified-categorical approach "[t]he only permissible question is whether the crime . . . require[d] the factfinder . . . to make th[e] determination" that Ortiz used "violence"—as opposed to "force." Martinez, 756 F.3d at 1098 (alteration in the original) (citation omitted) (internal quotation marks omitted). Said another way, the only question is whether Ortiz's "conviction necessarily involve[d] (and his prior plea necessarily admit[ted])" the use of "violence" as opposed to "force." Id. (citation omitted) (internal quotation marks omitted).

The record before us already contains the relevant records related to Ortiz's conviction for obstruction of legal process. The record includes Ortiz's petition to

---

[4]While we discuss the modified-categorical approach in response to the government's contention, we do not decide whether the government waives the use of the modified-categorical approach when it does not ask for its application. See, e.g., Latu v. Mukasey, 547 F.3d 1070, 1076 (9th Cir. 2008) (holding that when the government does not ask the court to apply the modified-categorical approach, the court only applies the categorical approach).

enter a plea of guilty, register of actions, and the sentencing order. In reviewing the documents, all that can be gleaned is that Ortiz pled guilty to obstruction of legal process in violation of section 609.50, subdivision 2(2). None of the documents specify any statutory clause and, therefore, it is impossible to say whether Ortiz was convicted of, or that the judge determined it was necessary to establish, obstruction by use of "violence" as opposed to "force." Therefore, even if the statute is divisible, a question we do not decide, either crime could match Ortiz's plea agreement and conviction. Consequently, Ortiz's conviction could not, as a matter of law, be a "crime of violence" under the modified-categorical approach.

## V.

For the foregoing reasons, we hold a conviction under Minn. Stat. § 609.50, subd. 2(2) is not a "crime of violence"—and, as such, not an "aggravated felony" requiring removal under 8 U.S.C. § 1227(a)(2)(A)(iii). We, therefore, grant Ortiz's petition for review and vacate the order of removal. But our decision that Ortiz is not removable under 8 U.S.C. § 1227(a)(2)(A)(iii) necessitates consideration of issues the BIA did not decide—in particular whether Ortiz's conviction subjects him to removal under 8 U.S.C. § 1227(a)(2)(A)(i) for committing a crime involving "moral turpitude." We, therefore, remand to the BIA for proceedings consistent with this opinion.

_____