# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-2672

_____

United States of America

*Plaintiff - Appellee*

v.

Joshua D. Preston

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: March 6, 2017
Filed: March 28, 2017
[Unpublished]

_____

Before RILEY,[1] GRUENDER and KELLY, Circuit Judges.

_____

PER CURIAM.

_____

[1]The Honorable William Jay Riley stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 10, 2017. He has been succeeded by the Honorable Lavenski R. Smith.

Joshua D. Preston pleaded guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court concluded, over Preston's objection, that Preston was subject to an increased base offense level and additional criminal history points because Preston had previously been convicted of crimes of violence as defined under USSG § 4B1.2's force clause.[2] Accordingly, the court found that Preston's advisory Guideline range was 46 to 57 months, and sentenced Preston to a 46-month term of imprisonment followed by a three-year term of supervised release. Preston appeals, arguing that the district court erred in calculating his advisory Guideline range because his prior convictions for Texas second-degree robbery pursuant to Texas Penal Code Ann. § 29.02 are not crimes of violence as that term is defined in USSG § 4B1.2(a). "A failure to properly calculate the advisory Guidelines range is a significant procedural error, and '[a] non-harmless error in calculating the guidelines range requires a remand for resentencing.'" United States v. Spikes, 543 F.3d 1021, 1023 (8th Cir. 2008) (alteration in original) (quoting United States v. Vickers, 528 F.3d 1116, 1120 (8th Cir. 2008)). We review the district court's findings of fact for clear error and its interpretation of the Guidelines de novo. Id.

To determine whether a conviction constitutes a crime of violence, the court must first determine whether the statute defining the crime is indivisible, meaning it lists only one set of elements, or divisible, meaning it lists "multiple, alternative versions of the crime." Descamps v. United States, 133 S. Ct. 2276, 2283–84 (2013). Preston's criminal history includes three convictions for Texas second-degree robbery. In Texas, a person commits robbery when, in the course of a theft "and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly,

_____

[2]The parties agree that the district court addressed Preston's prior convictions under the force clause rather than the residual clause. See United States v. Boose, 739 F.3d 1185, 1186 (8th Cir. 2014) ("We sometimes refer to [USSG § 4B1.2(a)] subparagraph (1) as the 'force' clause [and USSG § 4B1.2(a)] subparagraph (2) as the 'residual,' or 'otherwise' clause." (internal citations omitted)).

or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." Tex. Penal Code Ann. § 29.02(a). The parties agree that § 29.02 is divisible. To determine whether a conviction under a divisible statute is a crime of violence, courts apply the modified categorical approach. See Descamps, 133 S. Ct. at 2283–84.

The modified categorical approach allows the court to look "to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." Mathis v. United States, 136 S. Ct. 2243, 2249 (2016). At Preston's sentencing hearing, the government entered into evidence the Texas state court indictments, written plea admonishments, and judgments of plea of guilty for Preston's prior robbery convictions. Each of Preston's prior robbery convictions stemmed from an indictment that originally charged Preston with aggravated robbery, a first-degree felony, which requires that a person "uses or exhibits a deadly weapon" in the course of committing a robbery. Tex. Penal Code Ann. § 29.03(a)(2). After receiving the state court documents into evidence, the district court found that "Mr. Preston did admit to knowingly and intentionally placing others in fear of imminent bodily harm or death by exhibiting a deadly weapon." It held that, "as a consequence, those cases do qualify as supported by the exhibits presented by the government for the violent felony enhancement as applied in the sentencing guidelines."

Even if the acts underlying Preston's convictions did, as a factual matter, involve the use of a deadly weapon sufficient to support a conviction for aggravated robbery as originally charged, Preston pleaded guilty to second-degree robbery—a different and lesser crime. See Young v. State, 428 S.W.3d 172, 176 (Tex. Ct. App. 2014) (explaining that robbery is a lesser included offense of aggravated robbery). The modified categorical approach does not allow the court to "consider what the defendant's actual conduct might have been." Boose, 739 F.3d at 1188 (quoting United States v. Roblero–Ramirez, 716 F.3d 1122, 1125 (8th Cir. 2013)); see also

Mathis, 136 S. Ct. at 2251–52 (collecting cases). Instead, "the sole permissible purpose of the modified categorical approach is 'to determine which statutory phrase was the basis for *the conviction.*'" United States v. Martinez, 756 F.3d 1092, 1097 (8th Cir. 2014) (quoting Johnson v. United States, 559 U.S. 133, 144 (2010)). "To look beyond" the fact of conviction to the specific actions underlying Preston's prior robberies exceeded the limited purpose of the modified categorical approach and "deprive[d Preston] of the benefits of [his] negotiated plea deal[]." Id. (all but first alteration in original) (quoting Descamps, 133 S. Ct. at 2289).

Because the district court erred by examining the factual underpinnings of Preston's conviction for a purpose beyond determining which of § 29.02's alternative elements formed the basis of Preston's conviction, we remand for resentencing. On remand, the question before the district court is twofold: first, the court should apply the modified categorical approach to determine which alternative element of § 29.02 was the basis for Preston's conviction. See id. ("A district court may 'consult[] the indictment *to which [the defendant] pleaded guilty* in order to determine whether his *conviction* did entail the elements necessary to' qualify for a sentencing enhancement." (alterations in original) (quoting United States v. Castleman, 134 S. Ct. 1405, 1414 (2014))). Second, the district court should consider whether a conviction under that alternative is categorically a crime of violence. Descamps, 133 S. Ct. at 2285. We express no opinion as to whether Preston's prior convictions constitute crimes of violence under the residual clause of USSG § 4B1.2(a)(2). See Beckles v. United States, — S. Ct. —, 2017 WL 855781, at *5–6 (2017) (holding that the "residual clause in [USSG] § 4B1.2(a)(2) . . . is not void for vagueness").

_____