STATE, Plaintiff-Respondent, v. WOEHRER, Defendant-Appellant.

*No. 76–176–CR. Argued April 5, 1978.—Decided June 6, 1978.*
(Also reported in 266 N. W. 2d 366.)

For the appellant there was a brief by *Robert J. Lerner,* and *Lerner & Adelman,* and oral argument by *Robert J. Lerner,* all of Milwaukee.

For the respondent the cause was argued by *Michael R. Klos,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

DAY, J.   This is an appeal from a judgment of conviction and an order denying appellant's motion for judgment of acquittal nowithstanding the verdict or alternatively for a new trial.  The defendant-appellant, former Milwaukee alderman, Eugene L. Woehrer (hereinafter Mr. Woehrer) was convicted of misconduct in public office contrary to §946.12(3), Stats. (1975),[1] after a trial by jury.

Many issues are raised on this appeal, but the dispositive one is whether the trial court erred by refusing to dismiss this criminal prosecution without prejudice because the district attorney failed to file an information within thirty days of the waiver of the preliminary hearing.  We hold that the case should have been dismissed because of the lack of an information.

On November 6, 1974, the defendant, Mr. Woehrer was arrested on a charge of misconduct in public office

---

[1] "946.12. **Misconduct In Public Office.** Any public officer or public employe who does any of the following may be fined not more than $500 or imprisoned not more than one year or both:

". . . (3) Whether by act of commission or omission, in his capacity as such officer or employe exercises a discretionary power in a manner inconsistent with the duties of his office or employment of the rights of others and with intent to obtain a dishonest advantage for himself or another."

in violation of sec. 946.12(3), Stats., based on a criminal complaint issued on November 4, 1974.

The criminal complaint alleged that the defendant had exercised his discretionary power as an alderman in a manner inconsistent with the duties of his office and with intent to obtain a dishonest advantage for himself. The basis for the charge was Mr. Woehrer's Milwaukee City Council vote to approve the transfer of a liquor license from a location in his aldermanic district to a location in another aldermanic district.

On February 14, 1975 Mr. Woehrer waived a preliminary examination. On the same day he pled not guilty. No information was ever filed in this case. At the time of his plea Mr. Woehrer did no object to the lack of an information. On February 3, 1976 Mr. Woehrer moved to dismiss because no information had been filed. The trial court denied the motion to dismiss, reasoning that the complaint on file was sufficient to proceed to trial.

On February 4, 1976 a jury found Mr. Woehrer guilty as charged in the complaint. He again objected to the lack of an information in his motions after verdict.

Mr. Woehrer contends that the trial court erred by not dismissing the action because the district attorney failed to file an information. Sec. 971.01(1), Stats. (1975) provides that the district attorney shall file an information. Sec. 971.01(2), Stats. (1975) provides that the information shall be filed within thirty days of the preliminary hearing or the waiver thereof.[2]

"Failure to file the information within such time shall entitle the defendant to have the action dismiss without prejudice." Sec. 971.01(2).

---

[2] "971.01. **Filing Of The Information.** (1) The district attorney shall examine all facts and circumstances connected with any preliminary examination touching the commission of any crime if the defendant has been bound over for trial and, subject to s. 970.03(10), shall file an information according to the evidence on such examination subscribing his name thereto.

"(2) The information shall be filed with the clerk within 30 days after the completion of the preliminary examination or

The attorney general argues that Mr. Woehrer submitted to the jurisdiction of the court when he pled not guilty and that this case is governed by sec. 971.26, Stats. (1975) providing that,

> "971.26. **Formal Defects.** No indictment, information, complaint or warrant shall be invalid, nor shall the trial, judgment or other proceedings be affected by reason of any defect or imperfection in matters of form which do not prejudice the defendant."

The lack of an information in this case is not a matter of form. Here the state failed to file an information as clearly required by the statutory mandate. The statute could not be more clear. It says, "Failure to file the information within such time shall *entitle* the defendant to have the action dismissed without prejudice." (Emphasis supplied.)

There is no claim that the defendant waived such filing by pleading guilty or nolo contendere or by going to trial on the merits. On the contrary, the defendant properly objected to the failure to file the information.

■

The information is not "a useless document . . ." as stated by the trial court. Quite the contrary, it performs an important function. In the case of a felony the legislature has required that an information shall be filed, by the district attorney and in the district attorney's name.[3]

---

waiver thereof except that the district attorney may move the court wherein the information is to be filed for an order extending the period for filing such information for cause. Notice of such motion shall be given the defendant. Failure to file the information within such time shall entitle the defendant to have the action dismissed without prejudice."

[3] "971.03. **Form Of Information.** The information may be in the following form:

"STATE OF WISCONSIN,

". . . . County,

"In . . . . Court.

A complaint may be signed by anyone, upon oath before the district attorney, or a judge.[4] It must be endorsed by the district attorney,[5] or if he is unavailable or refuses to issue, by a county judge after a hearing and finding of probable cause, before a summons or warrant can be issued. The statutory requirement that a complaint may not be filed until approval of the district attorney or a judge is to provide a safeguard against the issuance of unfounded complaints.

Likewise, in felony cases, the district attorney must make and file an information within thirty days. This is an additional safeguard that the elected prosecutor of the county, after a preliminary hearing or waiver thereof, has determined that the state should proceed against the defendant. The thirty day time limit requires the prosecutor to inform the defendant of the charge that is ultimately being brought against him. This is an important right given to a defendant by the legislature and nowhere waived by the defendant in this case.

"The State of Wisconsin

"Vs.

". . . . (Name of defendant).

"I, . . . . district attorney for said county, hereby inform the court . . ."

[4] "968.01. **Complaint.** The complaint is a written statement of the essential facts constituting the offense charged. It may be made on information and belief. It shall be made upon oath before a district attorney or judge as provided in this chapter."

[5] "968.02. **Issuance And Filing Of Complaints.** (1) Except as otherwise provided in this section, a complaint charging a person with an offense shall be issued only by a district attorney of the county where the crime is alleged to have been committed. A complaint is issued when it is approved for filing by the district attorney. The approval shall be in the form of a written indorsement on the complaint."

The trial court refused to dismiss the action and stated that it would consider the complaint to be the information, because ". . . it . . . perform[s] all the functions of the information." This view would make the filing of an information a superfluous act. The clear mandate of the statute requires the filing of an information. That mandate may not be ignored merely because a complaint was previously filed.

The motion of the defendant for dismissal pursuant to sec. 971.01 (2), Stats., should have been granted. Because the action must be dismissed, we do not reach the other issues raised by the defendant.

*By the Court.*—Judgment of conviction and order reversed and cause remanded with directions to dismiss the action without prejudice.