STATE of Wisconsin, Appellant,

v.

Reuben G. MAY, Respondent.†

Court of Appeals

*No. 80–110–CR. Submitted on briefs October 14, 1980.—
Decided December 9, 1980.*
(Also reported in 301 N.W.2d 458.)

For the appellant the cause was submitted on the
brief of *Bronson C. La Follette,* attorney general, and
*Michael R. Klos,* assistant attorney general.

For the respondent the cause was submitted on the
brief of *Jack E. Schairer,* assistant state public defender.

Before Donlin, P.J., Foley, J., and Dean, J.

DONLIN, P.J.   A criminal complaint charging Reuben
G. May with arson was filed on September 18, 1979,
and on September 27, 1979, a preliminary examination
was held. Although an information was filed on Septem-
ber 28, 1979, it was not served upon May until arraign-
ment, November 12, 1979. On November 30, 1979, May

† Petition to review denied.

moved to dismiss the charges against him because the information had not been served within thirty days.[1] The trial court dismissed the information without prejudice. Because no requirement exists that the defendant be served with an information within thirty days from the date of preliminary examination, and because the record does not show that May suffered any prejudice from the delay, we reverse.

May was charged with setting a fire in the Marathon County jail where he had been a prisoner. At the conclusion of the preliminary examination, the court found the evidence had sufficiently established probable cause to believe that May had committed a felony. Since May was to be returned to a reformatory where he was an inmate, the court inquired whether it could immediately proceed to arraignment. The district attorney said the information was not yet prepared. Through counsel, May exercised his right to decline proceeding to the arraignment without the information having been filed. The court then bound May over to another branch, allowing the judge of that branch to set the arraignment.

The information was served upon May at his arraignment on November 12, 1979. On November 30, 1979, May filed his motion to dismiss the information because it had not been served within thirty days of the date of the preliminary examination. The trial court concluded that the information must not only be filed within the thirty-day limit provided by statute, but must also be

---

[1] Section 971.01(2), Stats., provides:

The information shall be filed with the clerk within 30 days after the completion of the preliminary examination or waiver thereof except that the district attorney may move the court wherein the information is to be filed for an order extending the period for filing such information for cause. Notice of such motion shall be given the defendant. Failure to file the information within such time shall entitle the defendant to have the action dismissed without prejudice.

served within that period. It ordered the information dismissed without prejudice.

The procedures for criminal cases are determined by statute. They provide that the information "shall be filed" within thirty days of the completion of the preliminary. The information informs the defendant of the exact charges against him in order to allow effective preparation of the plea and defense.[2] Since the filing of the information is a jurisdictional requirement, the failure to do so within the statutory time period entitles the defendant to have the action dismissed without prejudice.[3] The information charging May with arson was filed, but not served, within thirty days of the completion of the preliminary examination.

May argues that the thirty-day time limit for filing the information required by sec. 971.02(2), Stats., also applies to the service of the information. For this, he relies upon *State v. Woehrer.*[4] The information in *Woehrer,* however, had never been filed. The court in that case concluded that the lack of an information is not a mere matter of form. It is not a useless document, but provides necessary information to the defendant. *Woehrer* clearly stands for the proposition that sec. 971.01(2) mandated the filing of the information.

Construing the rules of civil and criminal procedure together, the trial court determined that they had been designed to promote fairness to each side in the proceeding. It apparently concluded that sec. 972.11(1), Stats.,[5]

---

[2] *Whitaker v. State,* 83 Wis.2d 368, 265 N.W.2d 575 (1978); *Wagner v. State,* 60 Wis.2d 722, 211 N.W.2d 449 (1973).

[3] *State v. Woehrer,* 83 Wis.2d 696, 266 N.W.2d 366 (1978).

[4] *Id.*

[5] Section 972.11(1), Stats., provides:

Except as provided in sub. (2), the rules of evidence and practice in civil actions shall be applicable in all criminal proceedings unless the context of a section or rule manifestly requires a different construction. No guardian ad litem need be appointed for a

required the application of the rules of civil procedure to pretrial criminal proceedings. The court failed, however, to recognize that sec. 971.05(3), Stats.,[6] requires that the defendant be served with the information at his arraignment. This specific requirement in sec. 971.05(3) controls the general language of sec. 972.11(1).

Recognizing that May was being transported back to a reformatory, the court conducting the preliminary examination asked May whether he would consent to an immediate arraignment. As was his right, May declined to waive any of his privileges or rights under the statutes. May has neither shown, however, any prejudice toward him because the service of information was delayed until arraignment, nor has he in any way contended that the state excessively delayed the arraignment.

The information charging May with arson was filed within thirty days of the completion of the preliminary examination. If we were to hold that the information must also be served within that thirty-day period, a defendant could circumvent the state's attempt to serve the information within the thirty-day period by purposefully making himself unavailable. This could result in the needless dismissal of many criminal charges. As required by statute, May was served with the information on the date of the arraignment. The record does not disclose that the delay was prejudicial to May nor does he argue that any prejudice flowed to him because of the failure to serve the information within thirty days. Since the in-

___

defendant in a criminal action. Title XLIII, except ss. 804.02 to 804.07, 887.23 to 887.26, 889.22, 895.29 and 895.30, shall apply in all criminal proceedings.

[6] Section 971.05(3), Stats., provides:

The district attorney shall deliver to the defendant a copy of the indictment or information in felony cases and in all cases shall read the indictment, information or complaint to the defendant unless the defendant waives such reading. Thereupon the court shall ask him his plea.

formation had been filed within the thirty-day period allowed by statute, it should not have been dismissed.

*By the Court.*—Order vacated and cause remanded for further proceedings.