# 2023 WI APP 8

# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.:         2021AP1445-CR

Complete Title of Case:

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

AYODEJI J. ADEREMI,

DEFENDANT-APPELLANT.

| | |
|---|---|
| Opinion Filed: | January 31, 2023 |
| Submitted on Briefs: | April 13, 2022 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Brash, C.J., Dugan and White, JJ. |
| Concurred: | |
| Dissented: | Dugan, J. |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the defendant-appellant, the cause was submitted on the brief of *Jeffrey W. Jensen*. |
| Respondent ATTORNEYS: | On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Joshua L. Kaul,* attorney general*, and John A. Blimling,* assistant attorney general. |

## COURT OF APPEALS
## DECISION
## DATED AND FILED

## January 31, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1445-CR**

Cir. Ct. No. 2018CF3444

STATE OF WISCONSIN

IN COURT OF APPEALS

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

AYODEJI J. ADEREMI,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Milwaukee County: JOSEPH R. WALL, Judge. *Affirmed*.

Before Brash, P.J., Dugan and White, JJ.

¶1 WHITE, J. Ayodeji J. Aderemi appeals his judgment of conviction, entered upon a jury's verdict, for multiple counts of sexual assault of his minor stepdaughters. Aderemi argues that the State failed to file the Information of his charges in the Wisconsin electronic filing system within the statutory deadline; therefore, the trial court erred when

2

it refused to dismiss the case. He requests an order dismissing the charges. We reject his argument that the Information was not filed within the statutory deadline; accordingly, we affirm his conviction.

## BACKGROUND

¶2    Our recitation of background facts focuses on the procedural issues raised in the filing of the Information; the underlying facts of Aderemi's three-count conviction are not relevant to that question. According to the criminal complaint, Aderemi was charged with four counts of child sexual assault on July 24, 2018. That same day, Aderemi made his initial appearance before a court commissioner and substantial bail was set. On August 1, 2018, Aderemi appeared before a court commissioner and requested to waive the preliminary hearing. After a colloquy with the commissioner on his understanding of what he was waiving, the commissioner accepted his decision as "knowing, voluntary, and intelligent" and bound him over for trial.

¶3    On August 6, 2018, the trial court conducted the arraignment hearing.[1] The record reflects the following conversation:

> THE COURT: Good morning, everybody. Mr. Aderemi, Good morning. It's here for an arraignment, a new [I]nformation filed.
>
> [THE STATE:] That's correct, [y]our Honor. I did file a signed and dated [I]nformation. I provided a paper copy to counsel….
>
> THE COURT: Okay. [Aderemi's trial counsel]?

---

[1] The Honorable Joseph R. Wall conducted Aderemi's case from arraignment through sentencing. We refer to Judge Wall as the trial court. His case was originally assigned to the Honorable Jeffrey Conen; however, the case was reassigned to Judge Wall due to a judicial calendar rotation on August 4, 2018. We refer to Judge Conen as the circuit court.

[TRIAL COUNSEL]: Your Honor, we acknowledge receipt of a copy of the [I]nformation, waive its formal reading, and enter pleas of not guilty.

THE COURT: Okay. How would you like to schedule this?

[TRIAL COUNSEL]: I'd like to set a trial date, Judge[.]

¶4 On October 2, 2018, the court conducted a bail bond hearing. During the hearing, the following conversation happened:

[TRIAL COURT'S CLERK]: Also I have a note here that no [I]nformation was ever … filed in CCAP. If you could do that, that would be greatly appreciated."

[THE STATE]: Really? Okay. Because I—

THE CLERK: Yeah. I looked and there was an entry that said it was filed, but there's no document attached.

[THE STATE]: Okay. I will do that right away. I guess just for purposes of jurisdiction, if [trial counsel] would—maybe it was rejected because of some stupid issue with the computer-generated case number. But for jurisdictional issues, I just ask [trial counsel] acknowledge there was an Information filed that he received because I don't want there to be any issues because I'm outside of the 30 days.

THE COURT: Right. [Trial counsel], have you received the Information?

[TRIAL COUNSEL]: Judge, I have a copy without the little stamp up there. I assume it came—

[THE STATE]: Well, this is all—

[TRIAL COUNSEL]: —at the time of the prelim. Or I have a vague recollection of [the prosecutor] showing me an electronic copy and us entering a plea. So I don't see a problem at all.

THE COURT: Was there an amended Information or just one?

[THE STATE]: No, your Honor. I believe it was filed on August 6th. It was just after the preliminary hearing date. This is just a logistical nightmare for the State because I can't print out a copy until it's filed. I can't file it until he's bound over. It becomes a nightmare. I just want to make sure [trial counsel] has a copy so I

3

don't lose jurisdiction. I shouldn't lose jurisdiction because e-file is a logistical nightmare.

THE CLERK: The defendant was arraigned on August 6th and it says that he did receive a copy of the written Information.

[THE STATE]: I will re-file an electronic copy for the file. Thank you, Madam Clerk, for pointing that out.

¶5     The final pretrial hearing was held on December 7, 2018. Nothing was noted about the Information during the hearing; however, the record reflects that the "filed" date stamped on the Information was December 7, 2018.

¶6     On January 7, 2018, the date scheduled for the start of Aderemi's trial, the court instead conducted a hearing[2] on "the defendant's concern and essentially [a] motion … regarding the [I]nformation as to when it was filed and if we are within the time limits." Trial counsel explained the issue:

As I was preparing for trial I was reviewing documents on the E-file system. I saw nothing and the [I]nformation wasn't there. I had been given a two page copy of an [I]nformation on August 6th. And of course on the record what we do 100 times is acknowledge receipt of the copy, waive reading, and plead not guilty. That is what we did. I think it's come to light now that … somehow initiating the file process …. That process was initiated but not completed in essence until today. As I read the electronic filing statute, that is 801.18 …. That talks about the requirement of the whole E-filing system and when a certain stamp is placed and a file document is authenticated. …. But this [I]nformation apparently was in the system, waiting for someone else to I guess accept it for filing, and that just didn't happen. I don't know if it matters from what I am reading whether it is the fault of the State or a glitch in the system.

¶7     The court then commented:

According to my clerk, he looked into the matter, and the district attorney did, in fact, file it on August 6th of 2018. When I say file, I mean it loosely. It went into the [circuit court's] system. In other words, the clerks for each judge have an electronic system [through]

---

[2] Although the court references a motion on this issue, that motion was not included in the appellate record.

which things are filed and they get it first. From there, they then post it to the docket. In this case … it was filed by [another Assistant District Attorney] and went into [the circuit court's] clerk's electronic system without the clerk then posting it or formally filing it onto the docket.

The trial court reviewed the docket, noting that the entry for the August 6, 2018 arraignment stated "Filed, original [I]nformation; copies served on defendant." The court stated that when one clicked on the entry for Information in the court-facing CCAP system, the Information document has a file stamp of December 7th, 2018.[3] The trial court explained that "at that point our clerk … was able to retrieve it from [the circuit court's] clerk's electronic system and file it. Obviously, it is very odd that it would be hyperlinked on August 6th, 2018, but it was." The prosecutor and trial counsel both acknowledged handling the paper copy of the Information on August 6, 2018.

¶8    After reviewing Wisconsin law on the issue of delayed or missing Information documents, the court then considered criminal procedure under WIS. STAT. ch. 971. It concluded that § 971.05(3)[4] was satisfied because Aderemi was delivered a signed paper copy of the Information in court. The court concluded that the Information was filed

---

[3] Wisconsin's Consolidated Court Automation Programs are commonly known as CCAP. The term, as used by the trial court in this case, is used to refer to the internal electronic system used by the courts and clerks, the electronic filing system used by the lawyers and litigants, and the website of court records accessible to the general public. "The online website reflects information entered by court staff." *Kirk v. Credit Acceptance Corp.*, 2013 WI App 32, ¶5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522. "It is not the official record of a criminal case, as the clerks of court for each county are the officials responsible for those records." *State v. Bonds*, 2006 WI 83, ¶46, 292 Wis. 2d 344, 717 N.W.2d 133. However, we may take judicial notice of the CCAP records. *See* WIS. STAT. § 902.01 (2019-20); *Kirk*, 346 Wis. 2d 635, ¶5 n.1.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[4] WISCONSIN STAT. § 971.05(3) provides that "[t]he district attorney shall deliver to the defendant a copy of the [I]nformation in felony cases and in all cases shall read the [I]nformation or complaint to the defendant unless the defendant waives such reading. Thereupon the court shall ask for the defendant's plea."

on August 6, 2018, as reflected on the docket and a paper copy served on Aderemi, and the arraignment was completed.

¶9 Trial counsel objected, arguing that unless "a hand signed" copy of the Information was "handed to your clerk in court on August 6th;" the document was not filed. He argued that the document was misdirected and was not "filed" until the trial court's clerk retrieved and accepted the document on December 7, 2018. The court turned to the publicly-accessible version of CCAP and reviewed the docket. "[T]here is a separate entry on August 6th, 2018. It says [I]nformation. So in terms of the public here, the public would have notice that there was an [I]nformation in the case and that it is filed." The court then concluded it would continue the trial as planned the next day.

¶10 The trial took place from January 8 through 11, 2019, ending with a guilty verdict returned by the jury on three of the four charges and an acquittal of count one of the Information. On March 14, 2019, the trial court ordered concurrent sentences on the three counts, with count two and count four being a term of nineteen years of imprisonment divided into fourteen years of initial confinement and five years of extended supervision and count three being a term of fifteen years of imprisonment divided into ten years of initial confinement and five years of extended supervision.

¶11 Aderemi appeals.

## DISCUSSION

¶12 Aderemi raises a single argument on appeal, a fundamental and procedural question of whether the Information in his case was filed within thirty days in compliance

with WIS. STAT. § 971.01(2).[5] That statute provides that "[t]he [I]nformation shall be filed with the clerk within [thirty] days after the completion of the preliminary examination or waiver thereof …. Failure to file the [I]nformation within such time shall entitle the defendant to have the action dismissed without prejudice." *Id.* Aderemi argues that the Information was not filed until December 7, 2018, meaning it was filed more than thirty days after the preliminary hearing on August 1, 2018; therefore, his conviction must be dismissed without prejudice as a matter of law.

¶13 The State argues that the Information was filed in compliance with the law and that any irregularities affected only form, not substantive law. The State relies on WIS. STAT. § 971.26, which provides that "[n]o indictment, [I]nformation, complaint or warrant shall be invalid, nor shall the trial, judgment or other proceedings be affected by reason of any defect or imperfection in matters of form which do not prejudice the defendant." The State argues that Aderemi suffered no prejudice from the clerk's delayed acceptance of the Information in the e-filing system.

¶14 Before the trial court and on appeal, Aderemi relies on *State v. Woehrer*, 83 Wis. 2d 696, 266 N.W.2d 366 (1978), in which our supreme court dismissed a conviction without prejudice when "no [I]nformation was ever filed in [the] case" because "[t]he lack of an [I]nformation in this case is not a matter of form." *Id.* at 698-99. Woehrer objected to the missing Information only the day before trial. *Id.* at 698. However, the State argues correctly that *Woehrer* is easily distinguishable because no Information was ever filed in that case. Instead, here, it is undisputed that the State gave Aderemi and counsel a copy of the Information on August 6, 2018. The *Woehrer* court concluded that the absent

---

[5] The Information is a document composed by the district attorney to "inform" the court of the alleged crimes committed by the defendant. WIS. STAT. § 971.03. "The [I]nformation informs the defendant of the exact charges against him in order to allow effective preparation of the plea and defense." *State v. May*, 100 Wis. 2d 9, 11, 301 N.W.2d 458 (Ct. App. 1980). Filing an Information is mandatory. *See* WIS. STAT. § 971.01(1).

Information was not a "matter[] of form" under the facts of that case because the failure to file the Information meant that the defendant was not informed by the district attorney about the charges brought against him. *Id.* at 699; *see* WIS. STAT. § 971.26.

¶15 We are not facing a question over the necessity of filing an Information, but a question of when and how an Information is filed. To resolve this dispute, we undertake a two part analysis: first, a question of law—what determines the date and substance of filing an Information, and second, whether under the facts of this case, the State filed the Information in compliance with Wisconsin law. As we have often repeated, we independently review questions of law. *See State v. Olson*, 2019 WI App 61, ¶10, 389 Wis. 2d 257, 936 N.W.2d 178. We will not disturb the trial court's findings of facts unless they are clearly erroneous. *See Royster-Clark, Inc. v. Olsen's Mill, Inc.*, 2006 WI 46, ¶12, 290 Wis. 2d 264, 714 N.W.2d 530.

¶16 To resolve these issues, we must interpret several statutes: WIS. STAT. § 971.01(2), WIS. STAT. § 971.26 and the electronic filing statute, WIS. STAT. § 801.18.[6] Statutory interpretation is a question of law we review independently. *State v. Hager*, 2018 WI 40, ¶18, 381 Wis. 2d 74, 911 N.W.2d 17. "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110.

¶17 We start with what is "filing." In the traditional, paper-based courts, filing has been seen as the moment when counsel submitted a document to the clerk, who then accepted it. When these two steps occur within the same day, we generally have recognized

---

[6] We note that WIS. STAT. § 801.18 was revised between the (2017-18) version in effect at the time of this case and the version now in effect. The revision to subsection (4) resulted in several paragraphs being moved within the subsection and two paragraphs were added. *See* S. CT. ORDER 20-07, 2021 WI 37, 397 Wis. 2d xiii (eff. July 1, 2021). We discuss the (2017-18) version employed by the circuit court.

a presumptive filing date. *See* **Boston Old Colony Ins. Co. v. International Rectifier Corp.**, 91 Wis. 2d 813, 822, 284 N.W.2d 93 (1979) (holding that the "physical delivery of the notice of appeal to and receipt by the clerk of the trial court" constituted filing); **Currier v. DOR**, 2006 WI App 12, ¶16, 288 Wis. 2d 693, 709 N.W.2d 520 ("[I]n the context of appellate procedure, our supreme court has concluded that absent specific statutory language to the contrary filing is accomplished when the petition is physically handed to and accepted by the clerk of courts.").[7]

¶18    One of the recurring disputes is when the date stamped on the document does not match the proponent's alleged submission date. Our supreme court held that "a notice of appeal may be considered as filed on the date it is actually received by the clerk when that date is different from the date stamped on the notice only where there is undisputed and uncontroverted evidence … to establish that date." **Boston Old Colony Ins. Co.**, 91 Wis. 2d at 824. A litigant can only control the first part of the filing process. *See id.* at 823-24 ("The delay in stamping the notice of appeal as filed is solely the result of the clerk's oversight and the appellants should not be denied their right of appeal based on the actions of the deputy clerk, which were beyond the appellants' control.").

¶19    The advent of electronic filing has provided more specific statutory language regarding filing, as the disconnect in time between a litigant's submission and a clerk's acceptance is more obvious. Turning to the e-filing statute, WIS. STAT. § 801.18(4) is most

---

[7] We note that we are not equating filing the Information with filing a Notice of Appeal; instead, we draw on the long history of Wisconsin courts analogizing the processes and practices within filing to a specific question before it. "There is no Wisconsin case law specifically establishing what constitutes filing under [WIS. STAT. § 809.10], however, case law in several other areas lend support to the appellants' position that the notice of appeal is considered to have been filed when physically handed to and accepted by the clerk." **Boston Old Colony Ins. Co. v. International Rectifier Corp.**, 91 Wis. 2d 813, 818, 284 N.W.2d 93 (1979). In that case, our supreme court considered mortgages, liens, and petitions for review, with attention to the distinct steps for when the litigant gives a document to a clerk and when a clerk receives it. *Id.* at 819-22. Similarly, there is no case that determines when an Information is filed and we look to analogical Wisconsin law.

relevant to our analysis, as it contemplates the time and effect of electronic filing. "The electronic filing system is an agent of the circuit courts for purposes of filing, receipt, service, and retrieval of electronic documents." Sec. 801.18(4)(a). The time of filing is set forth as:

> A document is considered filed on a particular day if the submission is completed by 11:59 p.m. central time, as recorded by the electronic filing system, so long as it is subsequently accepted by the clerk of court upon review. Documents filed after 11:59 p.m. are considered filed the next day the clerk's office is open. The expanded availability of time to file shall not affect the calculation of time under other statutes, rules, and court orders.

Sec. 801.18(4)(e).[8] Also relevant: If the clerk of court accepts a document for filing, it shall be considered filed with the court at the date and time of the original submission, as recorded by the electronic filing system." Sec. 801.18(4)(c). Further, "[u]pon acceptance, the electronic filing system shall issue a confirmation to serve as proof of filing." *Id.*

¶20 From the plain language of these statutes, we understand that the date of submission to the e-filing system is the "filing" date. As this is in accord with Wisconsin's traditional paper filing law, we conclude that the date of submission by the litigant and not the date of acceptance by the clerk is the presumed "filing" date. There are caveats to this presumption—first, that the file must later be accepted by the clerk. However, as the State argues, there is no deadline in the statute for the clerk to accept the file. Further, there are expectations built into this presumption that the "filing" date stamp on the document is the submission date no matter when the clerk accepts the document and that a litigant will

---

[8] In 1989, our supreme court adopted "a 'bright-line' rule holding that … if any documents or petitions are delivered or received in the clerk's office after 5 p.m., they will be treated as having been filed as of the following day." *St. John's Home of Milwaukee v. Continental Cas. Co.*, 150 Wis. 2d 37, 44, 441 N.W.2d 219 (1989). However, that rule was replaced with discretion: our supreme court held "it is within the clerk of circuit court's discretion as an elected constitutional officer to accept and file pleadings received after the end of usual business hours, so long as that discretion is exercised reasonably and is within the guidelines provided by the legislature." *Northern Air Servs., Inc. v. Link*, 2011 WI 75, ¶73, 336 Wis. 2d 1, 804 N.W.2d 458. We note that the e-filing system was introduced after both of those decisions.

receive a confirmation as a proof of filing. Nevertheless, it is still true under e-filing that "the date stamped on the [document] does not speak conclusively to the date of filing." *State v. Sorenson*, 2000 WI 43, ¶17, 234 Wis. 2d 648, 611 N.W.2d 240.

¶21 With that law in mind, we turn to the facts of this case. Aderemi's posits that even if the prosecutor initiated filing of the Information on August 6, 2018, the filing was not completed until December 7, 2018, because that is the date the clerk file-stamped the document and placed it into the court file.[9] We reject this argument because the statutory language in WIS. STAT. § 801.18(4)(am) establishes that the submission date is the presumptive filing date.

¶22 When we apply the law of e-filing to the facts of this case, we can draw two reasonable conclusions that refute Aderemi's arguments and do not require an evidentiary hearing, much less dismissal of his conviction. First, we conclude that the trial court's findings of fact were not clearly erroneous. Second, we conclude that Aderemi was not prejudiced by the delay in the acceptance of the Information in the e-filing system.

¶23 The trial court's historical findings of fact are not clearly erroneous. We reject Aderemi's request for an evidentiary hearing because the record reflects that the trial court made findings on the record that the Information was filed on August 6, 2018. Under the clearly erroneous standard, "even though the evidence would permit a contrary finding,

---

[9] Aderemi extends his argument in his reply brief, asserting that the date stamp presumptively shows that the Information was not submitted until December 7, 2018, because WIS. STAT. § 801.18(4)(c) provides that when the clerk "accepts a document for filing, it shall be considered filed with the court at the date and time of the original submission, as recorded by the electronic filing system." He argues that the State has failed to provide "uncontroverted" evidence that December 7, 2018 is incorrect. *See Boston Old Colony Ins., Co.*, 91 Wis. 2d at 824 (holding that the stamped filing date could be overcome by "undisputed and uncontroverted evidence"). He contends that the only explanation is that the document must have been submitted on December 7, 2018; therefore, an evidentiary hearing is necessary to resolve this conflict. We reject this argument for two reasons. First, Aderemi's position that the State submitted the document on December 7, 2018, is not supported by the factual record established by the circuit court. Second, we need not consider arguments raised for the first time in the reply brief. *See State v. Reese*, 2014 WI App 27, ¶14 n.2, 353 Wis. 2d 266, 844 N.W.2d 396.

findings of fact will be affirmed on appeal as long as the evidence would permit a reasonable person to make the same finding." ***Reusch v. Roob***, 2000 WI App 76, ¶8, 234 Wis. 2d 270, 610 N.W.2d 168. "Moreover, we search the record not for evidence opposing the [trial] court's decision, but for evidence supporting it." ***Royster-Clark, Inc.***, 290 Wis. 2d 264, ¶12.

¶24 Aderemi argues there is no evidence presented to the court and that the trial court's recounting of the clerk's investigation did not constitute evidence. As the State argues, there is no requirement that the court conduct a specific hearing and take testimony to make findings of fact. The record reflects that the trial court found that the State initiated filing of the Information on August 6, 2018, as documented by the CCAP system. The public-facing CCAP website showed that the Information was filed. The internal court-facing CCAP system showed that the Information was submitted; however, the document was not accessible in the manner expected for an e-filed document.

¶25 The record reflects that there were concerns about irregularities in filing the Information. The trial court referred to the Information being in the circuit court clerk's electronic system. We note that this case never appeared before the circuit court—it was on the circuit court's calendar for several days during the judicial calendar rotation. In October 2018, when the trial court's clerk raised the issue that the Information document itself was not showing in the internal system, even though there was an entry for it, the State reaffirmed that it filed the Information, but called the process a "logistical nightmare[.]" The prosecutor offered to file a second copy, but there is no record of how the Information was actually accepted on December 7, 2018. The accepted Information stated it was electronically signed on August 6, 2018. Although these facts are irregular, they are not material to the question of when the Information was filed. In e-filing, the litigant can only control the submission of the document in compliance with the system.

We will not hold the litigant responsible for the actions of the clerk accepting the digital files. *See **Boston Old Colony Ins. Co.***, 91 Wis. 2d at 824.

¶26 Aderemi fails to show that the trial court's factual findings were clearly erroneous. There is ample support in the record that the State made a sufficiently successful attempt at submitting the Information, as shown by the paper copies in court and the CCAP docket entries. We conclude that the trial court's findings that the Information was filed on August 6, 2018, are not clearly erroneous; therefore, we do not disturb these findings. Accordingly, with August 6, 2018, as the date the Information was filed, the terms of WIS. STAT. § 971.01(2) are satisfied.

¶27 The second basis for our conclusion that the Information was filed in compliance with Wisconsin law is that Aderemi suffered no prejudice from the irregularities that occurred. WISCONSIN STAT. § 971.26 "requires a showing of actual prejudice," and even if "there may be a material variance it cannot be held to be automatically prejudicial." ***State v. Bagnall***, 61 Wis. 2d 297, 305, 212 N.W.2d 122 (1973) *superseded by statute/rule on other grounds as stated in **State v. Rabe***, 96 Wis. 2d 48, 291 N.W.2d 809 (1980). The transcript from the August 6, 2018 arraignment hearing showed that the State delivered signed copies to Aderemi and his counsel. The eventual "filing" date stamped on the document is December 7, 2018; however, the presence of that date is not automatically prejudicial.

¶28 Our examination of the record shows that this was an unusual case; nevertheless, we consider the irregularities to be technical defects. The e-filing statute acknowledges the risk of technical failure in this new technology, and it sets forth a process by which a litigant may seek appropriate relief. *See* WIS. STAT. § 801.18(16). We find paragraph (a), subdivision (1) to aptly fit this situation:

13

> (a) A user whose filing is made untimely as a result of a technical failure may seek appropriate relief from the court as follows:
>
> 1. If the failure is caused by the court electronic filing system, the court may make a finding of fact that the user attempted to file the document with the court in a timely manner by submitting it to the electronic filing system. The court may enter an order permitting the document to be deemed filed or served on the date and time the user first attempted to submit the document electronically or may grant other relief as appropriate.

¶29 The trial court made a finding of fact that the State timely submitted the Information. Trial counsel acknowledged receipt of the Information in a timely fashion. Aderemi was not deprived of the purpose of the Information to allow him to adequately prepare a defense. The substance of the law—Aderemi was informed of the charges he faced—was satisfied. The form was imperfect. Both WIS. STAT. § 971.26 and WIS. STAT. § 801.18(16)[10] provide authority for the trial court to find that the irregularities with the Information filing did not compel dismissal. Under the facts of this case, the failure to stamp the Information as "filed" on August 6, 2018, does not require dismissal as an operation of WIS. STAT. § 971.01(2).

## CONCLUSION

¶30 We conclude that the e-filing submission date is the presumptive "filing" date. Here, we conclude that the trial court's findings that the Information was timely filed in compliance with the statutes was not clearly erroneous. We conclude that Aderemi suffered no prejudice from irregularities in the date stamp on the Information. Accordingly, we affirm Aderemi's judgment of conviction.

*By the Court.*—Judgment affirmed.

---

[10] We note that the technical failure subsection further sets forth that "[t]his subsection shall be liberally applied to avoid prejudice to any person using the electronic filing system in good faith." WIS. STAT. § 801.18(16)(c).

No.   2021AP1445-CR(D)

¶31   DUGAN, J. (*dissenting*).  Because I conclude that there are insufficient facts in the record to support the trial court's finding that the Information in this case was timely filed with the court on August 6, 2018, pursuant to WIS. STAT. § 971.01 (2017-18)[1] and § 801.18, I respectfully dissent.  I would remand the case with directions that the trial court hold an evidentiary hearing to develop a sufficient factual basis for the court to determine whether the Information was in fact filed in this case and, if so, how and when it was filed, and if there was a technical failure in the electronic filing system or some failure by the State in attempting to file the Information.

¶32   I begin my analysis with the applicable law.  The Majority states that, in this case, we are faced with a "question of when and how an Information is filed."[2]  The Majority then examines cases that analyze how traditionally paper-based courts determined when a document was filed, concluding that when counsel submitted a document to the clerk, who then accepted it, that is when the document is filed.[3]  I agree with the Majority's

---

[1]  All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2]  *See* Majority, ¶15.

[3]  I do not take issue with this statement, but I would note that more relevant to the issue in this case is the language in ***Boston Old Colony Insurance Co. v. International Rectifier Corp.***, 91 Wis. 2d 813, 822, 284 N.W.2d 93 (1979), where the court states that "[t]he only question that remains to be considered is when did the deputy clerk of the Clerk of Courts receive or take control of the notice of appeal."  The court went on to say that "[w]hile the notice of appeal may have been stamped filed as of December 11th, that date is not necessarily *conclusive* as to the date of filing." ***Id.*** (emphasis added).  Finally, the court stated that "[w]e hold that a notice of appeal may be considered as filed on the date it is actually received by the clerk when that date is different from the date stamped on the notice *only where there is undisputed and uncontroverted evidence, as in this case, to establish that date*." ***Id.*** at 824 (emphasis added).  Here, we have an Information stamped as being filed on December 7, 2018, and the trial court finding that it was filed on August 6, 2018.

conclusion that really what is relevant to the issue in this case is WIS. STAT. § 801.18, titled "Electronic filing." As the Majority points out, the statute has specific language regarding filing.[4]

¶33 For the ease of reading, I will highlight portions of WIS. STAT. § 801.18 as follows:

> (4) TIME AND EFFECT OF ELECTRONIC FILING.
>
> (a) The electronic filing system is an agent of the circuit courts for purposes of filing, receipt, service, and retrieval of electronic documents.
>
> (b) When a document is submitted by a user to the electronic filing system, the electronic filing system shall transmit it to the appropriate clerk of court in the county where the case is filed. *The electronic filing system shall issue a confirmation that submission to the electronic filing system is complete*.
>
> (c) If the clerk of court accepts a document for filing, *it shall be considered filed with the court at the date and time of the original submission, as recorded by the electronic filing system. Upon acceptance, the electronic filing system shall issue a confirmation to serve as proof of filing.* When personal service is not required, the confirmation shall also serve as proof of service on the other users in the case.
>
> (e) A document is considered filed on a particular day if the submission is completed by 11:59 p.m. central time, as recorded by the electronic filing system, so long as it is subsequently accepted by the clerk of court upon review. Documents filed after 11:59 p.m. are considered filed the next day the clerk's office is open. The expanded availability of time to file shall not affect the calculation of time under other statutes, rules, and court orders.
>
> ….
>
> (6) FILING AND SERVICE OF SUBSEQUENT DOCUMENTS.
>
> (a) *The electronic filing system shall generate a notice of activity to the other users in the case when documents other than initiating documents are filed.* Users shall access filed documents through the electronic filing system. For documents that do not require personal

---

[4] *See* Majority, ¶19.

service, the notice of activity is valid and effective service on the other users and shall have the same effect as traditional service of a paper document, except as provided in par. (b).

....

(9) OFFICIAL RECORD.

(a) Electronically filed documents have the same force and effect as documents filed by traditional methods. *The electronic version constitutes the official record.* No paper copy of an electronically filed document shall be sent to the court.

....

(16) TECHNICAL FAILURES.

(a) A user whose filing is made untimely *as a result of a technical failure* may seek appropriate relief from the court as follows:

1. If the failure is *caused by the court electronic filing system, the court may make a finding of fact that the user submitted the document to the court in a timely manner by tendering it to the electronic filing system.* The court may enter an order permitting the document to be deemed filed or served on the date and time the user first attempted to transmit the document electronically or may grant other relief as appropriate.

2. If the failure is not caused by the court electronic filing system, the court may grant appropriate relief *from non-jurisdictional deadlines* upon satisfactory proof of the cause. Users are responsible for timely filing of electronic documents to the same extent as filing of paper documents.

(b) *A motion for relief due to technical failure shall be made on the next day the office of the clerk of court is open.* The document that the user attempted to file shall be filed separately and any fees due shall be paid at that time.

(c) This subsection shall be liberally applied to avoid prejudice to any person using the electronic filing system in good faith.

I also include the following Comments to WIS. STAT. § 801.18,[5] because they may be consulted for guidance in interpreting and applying the rules on electronic filing:[6]

> Sub. (4)(e) is a change to law and practice. Currently, paper filings must arrive at the office of the clerk of court before the end of the regular business day in order to be considered filed on that day. **_Northern Air Services v. Link_**, 2011 WI 75, 336 Wis. 2d 1, 804 N.W.2d 458. However, the most common if not universal practice among courts that mandate electronic filing is to use the entire calendar day as the filing period; this is also the practice recommended to the Wisconsin courts by the National Center for State Courts. _This provision gives a user an extra few hours to file_ on the last day a document is due _but does not otherwise affect the calculation of time_. If a user submits a document or the court signs an order on a day when the clerk's office is closed, it is considered filed on the next day the clerk's office is open, except as provided by other statutes and rules, or by court order.
>
> ….
>
> Sub. (9) (k) allows most documents submitted in court as exhibits to be imaged and made part of the electronic record, rather than retained in paper format. If the court requires that the original document be produced for inspection, it will be retained pursuant to the supreme court rule governing imaging of exhibits.
>
> ….
>
> Sub. (16) addresses technical failures of the court's electronic filing system and the user's electronic systems. _Court technical failures may include a failure to process the document upon receipt_ or erroneous exclusion of a user from the service list by the electronic filing system. User technical failures may include problems with the user's internet service provider, payment, office equipment or software, or loss of electrical power.
>
> This section provides guidance for courts dealing with the rare, but probably inevitable, circumstance of the electronic filing system not being available or not functioning as intended. _Where_

---

[5] S. CT. ORDER 14-03, 2016 WI 29, 368 Wis. 2d xiii (eff. July 1, 2016). Subsequently, S. CT. ORDER 14-03A, 2016 WI 80, 370 Wis. 2d xxxiii (eff. Aug. 17, 2016), amended the phrase, "If a user filed a document" to "If a user submitted a document."

[6] S. CT. ORDER 14-03 states that "the Comments to the statutes and to the supreme court rules created pursuant to this order are not adopted, but will be published and may be consulted for guidance in interpreting and applying the rule."

*the user can demonstrate* that the problem was caused by the court's electronic filing system, the circuit court may make a finding of fact that the document is deemed filed or served on the date and time that filing was attempted. *The electronic filing system will generate a report for the user to document the problem.*

Where the failure is caused by the user's own electronic systems or by external forces, the court should consider what consequences would follow a missed deadline for traditional filings caused by similar forces. Relief may be provided to the extent provided by s. 801.15 and other applicable statutes, court rules, and case law. *Where the technical failure was not caused by the court electronic filing system, this section does not provide for relief from jurisdictional deadlines.*

*Regardless of the cause, the user shall submit a motion for relief on the next business day*, along with the document to be filed and any filing fee.

S. CT. ORDER 14-03, 2016 WI 29, 368 Wis. 2d xiii (eff. July 1, 2016) (emphasis added).

¶34 As noted, the issue then is if and when was the Information filed and if it was not filed, what was the cause. The statute does provide that "[i]f the clerk of court accepts a document for filing, it shall be considered filed with the court at the date and time of the original submission, as recorded by the electronic filing system." WIS. STAT. § 801.18(4)(c). The Majority concluded that the date of submission by a litigant and not the date of acceptance by the clerk is "the presumed 'filing' date."[7] Here, the initial question that must be answered is if or when did the State submit the Information for filing. I would note that the statute provides that the State, as the user here, needed to demonstrate that any problem in filing was caused by the electronic filing system. *See* S. CT. ORDER 14-03.

¶35 As a starting point, I look to the statute for guidance. It provides that the "[e]lectronically filed documents have the same force and effect as documents filed by traditional methods. The electronic version constitutes the official record. No paper copy

---

[7] Majority, ¶20. I would note that the statute does not refer to a "presumed" filing date.

5

of an electronically filed document shall be sent to the court." WIS. STAT. § 801.18(9)(a). The only document in this case that is titled "Information" and appears to be electronically filed is stamped electronically as being filed on December 7, 2018. Thus, pursuant to the statute, it is the official record of the filing of the Information. However, the trial court found that the Information was filed on August 6, 2018, despite a lack of critical pieces of information in the record, including information that should have been generated by the electronic filing system to support that date.

¶36 The statute also provides further guidance regarding what records are generated by the electronic filing system when documents are submitted and ultimately filed. First, when a document is submitted by a user to the electronic filing system, the electronic filing system "shall" transmit it to the appropriate clerk of the court where the case is filed. WIS. STAT. § 801.18(4)(b). More importantly for the issue in this case, the statute provides that "[t]he electronic system *shall* issue a confirmation that submission to the electronic filing system is complete." ***Id.*** (emphasis added). Thus, in this case, there should be a confirmation that the submission of the Information to the electronic filing system was completed and on what date—neither the trial court nor the State cite to any confirmation in the record to support a filing date of August 6, 2018. Moreover, the statute states that the electronic filing system records the date and time of the original submission of a document—if the document is accepted for filing, "it shall be considered filed with the court at the date and time of the original submission, *as recorded by the electronic filing system*." Sec. 801.18(4)(c). This information is also missing from the record.

¶37 Turning to the issue of when a document is filed, the statute provides that "[i]f the clerk of court accepts a document for filing … [u]pon acceptance, the electronic filing system *shall* issue a confirmation to serve as *proof of filing*." WIS. STAT. § 801.18(4)(c) (emphasis added). Thus, in this case, if the Information was accepted by the clerk for filing, there should be a confirmation that serves as proof of filing—neither

the trial court nor the State cite to any confirmation in the record to support the filing date in this case.

¶38 Based on the wording of the statute itself, the electronic filing system should have the answers to the questions about whether the Information was submitted and if or when it was accepted by the clerk. However, the record does not contain any confirmation that the submission of the Information to the electronic filing system was completed, nor any confirmation that the clerk accepted the Information for filing, which by itself would serve as proof of filing and provide the date of filing. As noted, the only document titled Information that is contained in the record has a filing date of December 7, 2018, and we lack the evidence needed to support a filing date other than the one stamped on the Information.

¶39 Rather than looking at what information the electronic filing system should provide to support the filing date, the Majority states that the record reflects that "the trial court found that the State initiated filing of the Information on August 6, 2018, as documented by the CCAP system."[8] It notes that the "public-facing" CCAP website showed that the Information was filed and the internal "court-facing" CCAP system showed that the Information "was submitted." The Majority then states that they can draw two reasonable conclusions that refute Aderemi's arguments. First, the Majority concludes that the trial court's findings of fact were not clearly erroneous, and second, that Aderemi was not prejudiced by the delay in the acceptance of the Information in the e-filing system.[9]

¶40 I disagree with the Majority's conclusions. First, "[t]he court erroneously exercises its discretion when it applies the wrong legal standard or makes a decision not

---

[8] *See* Majority, ¶24.

[9] *See* Majority, ¶¶22, 27.

7

reasonably supported by the facts of record." ***State v. Avery***, 2013 WI 13, ¶23, 345 Wis. 2d 407, 826 N.W.2d 60. Here, the trial court applied the wrong legal standard because it did not determine whether the Information was submitted and filed pursuant to WIS. STAT. § 801.18(4). Further, as discussed below, it relied on and considered the CCAP entries as the official record. However, as acknowledged by the Majority, "'[t]he online [CCAP] website reflects Information entered by court staff.' ***Kirk v. Credit Acceptance Corp.***, 2013 WI App 32, ¶5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522. 'It is not the official record of a criminal case, as the clerks of court for each county are the officials responsible for those records.' ***State v. Bonds***, 2006 WI 83, ¶46, 292 Wis. 2d 344, 717 N.W.2d 133."[10] Thus, the trial court's reliance on CCAP entries in making its finding that the Information was filed on August 6, 2018, constitutes an erroneous exercise of its discretion.

¶41 The record is unclear what standard the trial court was applying in finding that the Information was filed on August 6, 2018. The Majority even acknowledges that the record reflects that there were concerns about the irregularities in filing the Information. The record of the arraignment on August 6, 2018, reflects that assistant district attorney (ADA) Erin Karshen told the court that she filed a signed and dated Information and that she provided a paper copy to trial counsel.[11] Trial counsel stated that "we acknowledge receipt of a copy of the [I]nformation." Counsel then entered pleas of not guilty, and the matter was set for final pretrial and a jury trial. The record does not reflect how ADA Karshen filed the Information. This will be discussed further below.

¶42 On October 2, 2018, the parties appeared before the trial court for a bail review. After the court addressed the bail issue, the clerk stated "[a]lso I have a note here

---

[10] *See* Majority, ¶7 n.3.

[11] I note that the Information in the electronic filing system is electronically signed by assistant district attorney Matthew J. Torbenson—not ADA Karshen.

that no Information was ever, like, filed in CCAP. If you could do that, that would be greatly appreciated." The clerk continued, "[y]eah. I looked and there was an entry that said it was filed, but there's no document attached." Thus, the record reflects that the clerk said that although there was an entry in CCAP that an Information was filed, "there's no document attached." The clerk did not explain how the entry in CCAP was made, nor who made the entry. By his comments, it appears that the clerk was expecting that the Information would be "attached" in some way, but the record does not explain this in any way.

¶43 ADA Karshen then interjected saying "maybe it was rejected because of some stupid issue with the computer-generated case number." Thus, ADA Karshen thought that the Information may not have been properly submitted to the electronic filing system. The trial court then asked trial counsel if he received the Information. Counsel responded that he had a copy without "the little stamp up there. I assume it came … at the time of the [preliminary hearing]. Or I have a vague recollection of [ADA] Karshen showing me an electronic copy and us entering a plea."

¶44 ADA Karshen then stated that "I believe it was filed on August 6th…. This is just a logistical nightmare for the State because I can't print out a copy until it's filed. I can't file it until he's bound over. It becomes a nightmare…. I will re-file an electronic copy for the file." The trial court then interjected, "We have a docket entry, but we don't have the document?" The clerk responded, "Correct." Trial counsel then stated that he had a copy of the information, the arraignment was held, and Aderemi entered a not guilty plea. The court asked if Aderemi had a chance to look at the Information, and counsel said yes. The trial court then asked, "Is that good enough, [ADA] Karshen?" to which she responded yes. The court made no further ruling.

¶45 Thus, after the hearing on October 2, 2018, the record only shows that there was no Information in the record, no record of how ADA Karshen attempted to file it, and if she attempted to electronically file it, whether it was rejected, and if it was not rejected, why there was no confirmation of the submission. As noted above, the statute provides that the State, as the user here, needed to demonstrate that any problem was caused by the electronic filing system.

¶46 The issue of whether the Information was filed was again raised on the first day of trial on January 7, 2019. The trial court noted that trial counsel had raised a motion regarding when the Information was filed and whether it was within the statutory time limits for filing the Information.[12] Counsel stated that as he was preparing for trial he reviewed documents in the electronic filing system, and the Information was not there. He commented that he did not know if it was the fault of the State or a glitch in the system.

¶47 The trial court then stated that it had its clerk look into the matter and that the ADA did in fact file it on August 6, 2018. He added "[w]hen I say file, I mean it loosely." It stated that the Information "was filed by ADA Torbenson and went into Judge Conen's clerk's electronic system without the clerk then posting it or formally filing it onto the docket."[13] I note that it is not clear if the court was telling the parties what the clerk told the court about where the clerk found the document. It then stated that it was looking at the "docket" entry that said its clerk made the entry. The court then read the entry which said the arraignment was held and "[f]iled, original information; copies served on [Aderemi]."

---

[12] Pursuant to WIS. STAT. § 971.01(2), "[t]he information shall be filed with the clerk within 30 days after the completion of the preliminary examination or waiver thereof …. Failure to file the information within such time shall entitle the defendant to have the action dismissed without prejudice."

[13] Aderemi's case was initially assigned to Judge Jeffrey Conen, but was subsequently assigned to Judge Joseph R. Wall as part of the circuit court's judicial rotation.

¶48 Based on the trial court's statements, its clerk made the entries on the docket—it was not entered by the electronic filing system that the Information was submitted, there was no confirmation by the system that the submission was completed, and no confirmation that the clerk accepted the Information and confirmed the filing. The clerk's entries in the docket are more consistent with the description in the Majority's decision regarding how Informations were filed in paper-based courts—the Information was handed to the clerk who accepted it for filing and a copy was served on the defendant. By contrast, ADA Karshen stated in earlier hearings that she filed the Information, not ADA Torbenson, and seemed to say that she did it electronically. However, even then she stated, "[M]aybe [the Information] was rejected because of some stupid issue with the computer-generated case number."

¶49 Even the trial court noted that it did not understand the entries on the docket sheet. It stated "[w]hen you go on the docket and you click on the hyperlink[14] on April 6th[15] which says information, what comes up is an information that has a file stamp of December 7, 2018." It then explained that the reason it is stamped December 7, 2018, is because "at that point our clerk, Stefan, was able to retrieve it from Judge Conen's clerk's electronic system and file it. Obviously, it is very odd that it would be hyperlinked on August 6th, 2018, but it was." The trial court was correct in concluding it was odd because as the Majority correctly states, the statute provides "[i]f the clerk of court accepts a document for filing, it shall be considered filled with the court at the date and time of the original submission, as recorded by the electronic filing system." WIS. STAT. § 801.18(4)(c). Thus, the electronic filing system records the date and time of the original submission of a document. Neither the State nor the trial court explain why if the clerk

---

[14] It is not clear in the record, but it appears that the trial court is referring to the CCAP system.

[15] This would seem to be an error because the reference to the Information on CCAP is August 6.

11

accepted the Information for filing on December 7, 2018, the Information would not have been file stamped August 6, 2018, pursuant to the statute, if the Information in fact was submitted for filing on August 6, 2018.

¶50 Therefore, I conclude that the record does not show how or when the Information was filed. According to the trial court, the clerk made the entries on the docket that the Information was filed on August 6, 2018, at the arraignment and copies were given to Aderemi at the hearing. The clerk did not testify what the entries on the docket meant regarding how the Information was actually filed. The clerk also did not testify or even explain how he actually retrieved the "Information" from Judge Conen's clerk's electronic system and what he did with it when he retrieved it. More significantly is the fact that no one with the technical knowledge of how the electronic filing system operates testified to explain how: (1) if the Information was properly submitted by the State to the electronic filing system, the system did not issue a confirmation that submission to the electronic filing system was complete; (2) how if the clerk accepted the Information, the electronic filing system did not issue a confirmation as proof of service; (3) how the Information in the electronic filing system could be file stamped on December 7, 2018, if it was submitted on August 6, 2018; and (4) what was the effect of the clerk retrieving the Information from Judge Conen's clerk's electronic system on December 7, 2018.

¶51 Based on the discussion above, I conclude that the record does not support the trial court's finding that the Information in this case was filed on August 6, 2018, and therefore, I would reverse the trial court's finding that the Information was filed on August 6, 2018.

¶52 The Majority next states that "the second basis for our conclusion that the Information was filed in compliance with Wisconsin law is that Aderemi suffered no

prejudice from the irregularities that occurred."[16] It then states that "WISCONSIN STAT. § 971.26, 'requires a showing of actual prejudice….'"[17] That statute provides: "No indictment, information, complaint or warrant shall be invalid, nor shall the trial, judgment or other proceedings be affected by reason of any *defect or imperfection in matters of form* which do not prejudice the defendant." Sec. 971.26 (emphasis added). The Majority further states, "Our examination of the record shows that this was an unusual case; nevertheless, we consider the irregularities to be technical defects."[18] However, the Majority does not identify what, if any, technical failure occurred nor whether such failure was caused by the court's electronic filing system or the user's—here the State—electronic system.

¶53 I disagree with the Majority's conclusion that WIS. STAT. § 971.26 applies to the facts in this case. Rather, I conclude that WIS. STAT. § 971.01(2) governs the decision in this case. That statute provides:

> The information *shall be filed* with the clerk within 30 days after the completion of the preliminary examination or waiver thereof except that the district attorney may move the court wherein the information is to be filed for an order extending the period for filing such information for cause…. Failure to file the information within such time *shall entitle the defendant to have the action dismissed* without prejudice.

*Id.* (emphasis added). The statute clearly states and mandates that if the information is not timely filed a defendant is entitled to have the action dismissed. It does not require that a defendant prove that he or she was prejudiced by the untimely filing—it only requires that the information not be timely filed.

---

[16] *See* Majority, ¶27.

[17] *Id.*

[18] *See id.*, ¶28.

¶54    Our supreme court addressed this very issue in ***State v. Woehrer***, 83 Wis. 2d 696, 698-99, 266 N.W.2d 366 (1978).  In ***Woehrer***, the State argued that Woehrer submitted to the jurisdiction of the court when he pled not guilty and that the case was governed by WIS. STAT. § 971.26.  ***Woehrer***, 83 Wis. 2d at 699.  Our supreme court concluded that WIS. STAT. § 971.01(2) governed the case.  ***Woehrer***, 83 Wis. 2d at 699.  It stated that "[t]he lack of an information in this case is not a matter of form." ***Id.***  The court further stated, "Here the [S]tate failed to file an information as clearly required by the statutory mandate.  The statute could not be more clear.  It says, 'Failure to file the information within such time shall *entitle* the defendant to have the action dismissed without prejudice.'"[19] ***Id.*** (citation omitted).  The court went on to say that "[i]n the case of a felony the legislature has required that an information shall be filed by the district attorney…." ***Id.***  Thus, I would conclude that WIS. STAT. § 971.01(2) governs the decision in this case.

¶55    In discussing its conclusion regarding prejudice, the Majority also states that "[t]he e-filing statute acknowledges the risk of technical failure in this new technology, and it sets forth a process by which a litigant may seek appropriate relief."[20]  It cites to WIS. STAT. § 801.18(16)(a)1. for the proposition that a "user whose filing is made untimely as a result of a technical failure may seek relief from the court…"  The statute further provides that "[i]f the failure is caused by the court electronic filing system, the court may make a finding of fact that the user attempted to file the document with the court in a timely manner by submitting it to the electronic filing system." Sec. 801.18(16)(a)1.  The statute

---

[19] The court did note that there was no claim that Woehrer waived regarding the filing of the information and that Woehrer did object to the failure to file the information. ***State v. Woehrer***, 83 Wis. 2d 696, 698-99, 266 N.W.2d 366 (1978).  On February 14, 1975, Woehrer waived a preliminary examination and pled not guilty. ***Id.*** at 698.  On February 3, 1976, Woehrer moved to dismiss because no information had been filed, and the trial court denied the motion. ***Id.***  On February 4, 1976, a jury found him guilty, and Woehrer again objected to the lack of an information in his motions after verdict. ***Id.***

[20] *See* Majority, ¶28.

provides a remedy that "[t]he court may enter an order permitting the document to be deemed filed or served on the date and time the user first attempted to submit the document electronically or may grant other relief as appropriate." ***Id.***

¶56     Although the statute does provide relief where technical failures occur, the record does not establish that any technical error occurred and what or who caused the technical error.   First, as noted earlier the record does not show how or when the information was filed and who filed it, if it was filed.   More importantly, as noted above, the statute provides that the State, as the user here, needed to demonstrate that any problem was caused by the electronic filing system.   Further, the comment to WIS. STAT. § 801.18(16)(a)1. provides that

> This section provides guidance for courts dealing with the rare, but probably inevitable, circumstance of the electronic filing system not being available or not functioning as intended. *Where the user can demonstrate* that the problem was caused by the court's electronic filing system, the circuit court may make a finding of fact that the document is deemed filed or served on the date and time that filing was attempted. *The electronic filing system will generate a report for the user to document the problem.*

S. CT. ORDER 14-03 (emphasis added).  I would note that although the comment states that the electronic filing system will generate a report for the user to document the problem, the record does not contain such a report.  Additionally, the record does not show, and the State does not argue, that any technical failure of the electronic filing system occurred.  Thus, I would conclude that this section of the statute would not apply.

## Conclusion

¶57     For the above reasons, I would reverse the finding of the trial court that the Information was filed on August 6, 2018, and remand the matter to the trial court for an

15

evidentiary hearing to determine whether the Information in the electronic filing system was properly filed and, if so, when it was filed.[21]  Thus, I respectfully dissent.

---

[21] If the trial court would find that the information was not timely filed, it would then have to consider whether WIS. STAT. § 801.18(16), Technical Failures, applies under the circumstance, as well as consider the Comment to that subsection that states, "Where the technical failure was not caused by the court electronic filing system, this section does not provide for relief from jurisdictional deadlines."  S. CT. ORDER 14-03.  It would also have to consider the effect of WIS. STAT. § 971.01(2), which provides that "[t]he information shall be filed with the clerk within 30 days after the completion of the preliminary examination or waiver thereof …. Failure to file the information within such time *shall* entitle the defendant to have the action dismissed without prejudice."  (Emphasis added).

16